*1117 OPINION.
Smith :
The constitutionality of section 280 has been definitely established b3r the decision of the Supreme Court in Phillips v. Commissioner, 283 U. S. 589.
The petitioners contend that they are not transferees of the estate of Jeremiah Roberts Downing, that the said estate was distributed to the trustees, and that the “ trust ” and “ estate ” were distinct legal entities, citing St. Louis Union Trust Co. et al., Trustees, 21 B. T. A. 76. Technically, there is a distinction and it was so held in the cited case, but here the respondent has asserted liability against these petitioners as transferees of the assets of the trust estate established by the decedent’s will, and explained that the amount proposed for assessment was the amount of the deficiency, plus interest, determined in the proceedings in Docket No. 13492. The petitioners have not been misled as to the liability asserted. The facts show that each petitioner received assets in excess of the deficiencies which had been determined against the trust estate in a proceeding to which Jere R. Downing, acting for himself as trustee and for himself and Elvina P. Downing as beneficiaries, was a party. The respondent has sustained the burden of proving that the petitioners are transferees of the assets of the entity primarily liable for the tax in question.
*1118 The petitioners further contend that the Board had no jurisdiction of the proceeding in Docket No. 13492, that bur determination there was a nullity, and that their liability is barred by the statute of limitations. The respondent concedes that if our determination in Docket No. 13492 was a nullity, the statute has run. The petitioners argue that the trustees of the decedent’s estate had been discharged and were without authority to institute the prior proceedings. The facts of record merely establish the allowance of their first and final account; the petitioners have not shown that the trustees were legally discharged, although such is to be inferred from the provisions of section 22 of chapter 206 of the Revised Laws of Massachusetts, which provide for the final accounting and discharge of trustees and other fiduciaries, but which make no provision for subsequent action by such fiduciaries in any respect. Assuming, but not deciding, that the trustees had been discharged, no notice of their discharge had been given to the Commissioner as is required by section 281 of the Revenue Act of 1926 (see Charles M. Howell, 21 B. T. A. 757), and under section 3467 of the Revised Statutes they continued personally liable for the tax (see Edmund H. Fleming, 9 B. T. A. 419), and, in any event, neither the tax nor the petitioners’ (in Docket No. 13492) liability therefor was extinguished prior to the running of the statute of limitations. The Board had jurisdiction of the proceeding at Docket No. 13492, instituted by the persons receiving the deficiency notice and responsible for the settlement of the tax obligations of the trust estate. Cf. Charles Hallock Whitehead, 24 B. T. A. 1111, 1113; J. A. Kemp, 20 B. T. A. 875; Sears, Roebuck & Co. Employees' Savings & Profit Sharing Pension Fund, 17 B. T. A. 22 (reversed on other grounds, 45 Fed. (2d) 506). The jurisdiction of the Board being thus invoked without contest by the proper parties, one of whom is now at bar, we conceive of no reason for now denying that we had jurisdiction, and these petitioners can not now deny that jurisdiction which was invoked in their behalf. See United States v. Wolf Run Coal Co. (U. S. Dist. Ct., N. Dist. Ohio, E. Div.), 313 C. C. H. 8258, 8261. Cf. Burnet v. San Joaquin Fruit & Investment Co., 52 Fed. (2d) 123; Commissioner v. New York Trust Co., 54 Fed. (2d) 463; Pittsburgh Terminal Coal Corp. v. Heiner, 56 Fed. (2d) 1072.
The notices to these petitioners were timely and their liability as transferees for the asserted tax is not barred by the statute of limitations.

Judgment will be entered for the respondent.